```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

**UNITED STATES OF AMERICA,**          \*
                                       \*
                                       \*
**vs.**                                \*      **CRIMINAL NO. 09-00240-KD**
                                       \*
**YZUMY RODRIGUEZ**                    \*

## ORDER

In accordance with the Bail Reform Act, 18 U.S. C. 3142(f), a detention hearing was conducted on November 13, 2009. Based upon the evidence presented, the undersigned concludes that Defendant has rebutted the presumption that she is a serious flight risk and a danger to the community, and that there are conditions that can be imposed to reasonably assure Defendant's appearance at future court proceedings and the safety of the community.

### I.   Underlying Charges

Defendant Yzumy Rodriguez, along with Defendants Juan Carlo Aloma, Jose Noriega, Omar David Huezo, Juan Ramon Sabina, Alcides Sabina and Madelyn Aloma have been charged in a three count indictment returned by the Grand Jury on October 29, 2009. The indictment charges that beginning on or about January 1, 2009, and continuing until the return of the indictment, Defendants conspired to unlawfully distribute and possess with intent to distribute marijuana in violation of Title 21 U.S.C. § 846. Additionally, it is alleged that Defendants, on October 9, 2009, unlawfully

possessed with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1)[1].

At the detention hearing, the Government presented evidence that an anonymous telephone tip culminated in the search of four residences in North Mobile County on October 9, 2009. The first residence searched was 6562 Jib Road West, in Eight Mile, Alabama. The search of this residence yielded more than 100 marijuana plants, an elaborate electrical system, an extensive high tech lighting system and a firearm. 8500 Chutney Drive in Eight Mile, Alabama was the second residence which was searched. The search of a barn located at this address yielded more than 240 marijuana plants, an elaborate electrical system an extensive high tech lighting system and a firearm. The third residence which was searched was 5540 Kushla McLeod Road. This search yielded more than 150 marijuana plants, an elaborate electrical system, and an extensive high tech lighting system. No marijuana nor plants were located during the search of the fourth residence. The investigation following these searches lead to the instant indictment.

**II. Analysis**

Pretrial detention of a criminal defendant is appropriate when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any

---

[1]The indictment also includes a forfeiture count.

other person and the community." 18 U.S.C. § 3142(e). In drug cases, when the defendant faces a maximum of over ten years of imprisonment, such as the instant case, the Bail Reform Act establishes a rebuttable presumption that the defendant is both a flight risk and a threat to the community[2]. See Id. "This presumption imposes on a defendant the burden of production to come forward with evidence suggesting that [he] is neither a danger to the community nor a risk of flight." United States v. Allen, 891 F. Supp. 594, 597 (S.D. Fla. 1995). If the defendant fails to rebut either part of the statutory presumption (i.e., the risk of flight or danger to the community), pretrial detention is warranted. See United States v. King, 849 F. 2d 485, 488 (11th Cir. 1988). On the other hand, if the defendant rebuts both prongs of the presumption, the burden shifts to the government to establish that the defendant is either a flight risk or a danger to the community.[3]

---

[2]The presumption arises upon probable cause that the defendant has committed a drug offense carrying a maximum penalty of over ten years imprisonment. See 18 U.S.C. § 3142(e). In the Eleventh Circuit, probable cause for § 3142(e) purposes is established by the return of an indictment against a defendant, charging him with an offense punishable by more than ten years imprisonment. See United States v. King, 849 F. 2d 485, 487- 88 (11th Cir. 1988). In this case, Count one of the Indictment charges conspiracy with intent to distribute marijuana, under 21 U.S.C. § 846 and carries a penalty of 5 to 40 years. Count two of the indictment charges possession with intent to distribute marijuana, under 21 U.S.C. § 841(a)(1) and carries a penalty of twenty years. Thus, probable cause for triggering §3142(e)'s presumption has been established.

[3]The United States is charged with different burdens of proof on the issues of risk of flight and danger tot he

3

In weighing the evidence as to risk of flight and dangerousness, the Court must consider the factors listed in 18 U.S.C. § 3142(g).

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence...;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, drug or alcohol abuse, criminal history and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial sentencing, appeal, or completing of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Id.

---

community. The United States need only prove risk of flight by a preponderance of evidence, while it must prove that a defendant presents a danger to the community by clear and convincing evidence. See United States v. Quartermaine, 913 F. 2d 910, 915-17 (11th Cir. 1990).

**A. Flight Risk**

Based on the evidence presented at the detention hearing, the undersigned finds that Defendant has rebutted the presumption that she poses a serious risk of flight, and that there are conditions which can be imposed that will reasonably assure Defendant's appearance at future proceedings. The evidence reflects that Defendant Yzumy Rodriguez has minimal contacts with this community. Defendant reported that she was born in Cuba, that she is a legal resident of the United States and has a valid Cuban passport, and that she arrived in the United States from Cuba in 2001. Defendant also reported that but for a eleven month period when she resided in Mobile at the Chutney Road residence with her husband, Defendant Jose Noriega, she has resided in Hialeah, Florida with her mother, stepfather, sister, and minor child.  Defendant further reported that her father resides in Cuba.

The evidence presented reflects that Defendant Rodriguez relocated to her parents' Florida residence in early September 2009, that she enrolled her minor child in school there, that she has been providing after-school care for neighborhood children and earns approximately $200 per month as a result, and that she was not present during the search of the Chutney Road residence. Additionally, Defendant presented evidence that upon learning of the charges against her, she traveled to Mobile, and turned herself in. In addition, Defendant's mother testified that she has lived in

5

the same Florida residence for in excess of ten years, that she assisted her daughter in making arrangements to travel to Mobile to answer the charges against her, and that she is willing to serve as a third party custodian for her daughter, and is willing to have her daughter to continue to reside in her home.  Finally, defense counsel represented that Defendant is willing to surrender her passport, if released.

   Based upon the evidence presented, the undersigned finds that Defendant has rebutted the presumption that she is a flight risk. At this juncture, the strength of the Government's case is not clear.  The marijuana at the Chutney Drive location was located in a locked barn located some 75 to 100 feet away from the residence. At the time of the search, Defendant was not present, having relocated to Florida a month earlier. Additionally, upon learning of the indictment, Defendant traveled back to Mobile to turn herself in, although she possesses a valid Cuban passport. Moreover, but for the short period that Defendant resided in Mobile, she has resided at the same Florida residence with her parents since arriving in the United States in 2001, and her mother testified that she assisted her daughter in returning to Mobile upon learning of the indictment and is willing to serve as a third party custodian for her. Accordingly, based on the evidence presented, the undersigned finds that the Defendant has rebutted the presumption that she poses a serious flight risk and that there

are conditions that will reasonably assure her attendance at future proceedings, such as requiring Defendant's mother to serve as a third party custodian, utilizing home detention with electronic monitoring, barring any contact between Defendant and any of her co-Defendants, and requiring Defendant to surrender her passport.

### B. Danger to the Community

With respect to the issue of dangerousness, the undersigned finds that Defendant has rebutted the presumption for many of the reasons set forth above. Defendant does not have a criminal record, moreover, at this juncture, the strength of the Government's case is not clear. The marijuana at the Chutney Drive location was located in a locked barn located some 75 to 100 feet away from the residence. At the time of the search, Defendant was not present, having relocated to Florida a month earlier. Additionally, upon learning of the indictment, Defendant traveled back to Mobile to turn herself in, although she possesses a valid Cuban passport. Also, Defendant's mother testified that she assisted her daughter in returning to Mobile upon learning of the indictment, and is willing to serve as a third party custodian for her. Accordingly, based on the evidence presented, the undersigned finds that the Defendant has rebutted the presumption that she poses a danger to the community, and that there are conditions that will reasonably assure the safety of the community, such as requiring Defendant's mother to serve as a third party custodian,

utilizing home detention with electronic monitoring, barring any contact between Defendant and any of her co-Defendants, and requiring Defendant to surrender her passport.

In light of the foregoing, the undersigned will issue a separate Order establishing Conditions of Release for Defendant Yzumy Rodriguez.

Done this **16th** day of **November, 2009.**

                                                        <u>/s/ Sonja F. Bivins</u>
                                          **UNITED STATES MAGISTRATE JUDGE**